

Samantha Abeysekera

Akerman LLP
666 Fifth Avenue
20th Floor
New York, NY 10103
Tel: 212.880.3800
Fax: 212.880.8965

Dir: 212.880.3829
Dir Fax: 212.905.6481
samantha.abeysekera@akerman.com

May 15, 2015

**VIA ECF & FACSIMILE**
The Hon. Naomi Reice Buchwald, U.S.D.J.
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl St.
New York, NY 10007-1312
Fax: (212) 805-7927

        Re: <u>Robert J. Vazquez, et al. v. JetBlue</u>
           <u>Airways Corporation, CA No.: 15-cv-2587</u>

Dear Judge Buchwald:

  We represent Defendant JetBlue Airways Corporations ("JetBlue" or "Defendant") in the above-referenced matter. Pursuant to Your Honor's individual rules, we write to request a pre-motion conference in anticipation of filing a motion to dismiss Count I of Plaintiff Robert Vazquez's Complaint (the "Class Claim").

**I. BACKGROUND.**

  This action arises out of Plaintiff's unsuccessful application for employment with JetBlue. (Compl. ¶¶ 21, 53, 54, 56.) On or about June 30, 2014, Plaintiff applied for employment with JetBlue as a Flight Instructor. (Id. at ¶ 21.) In connection with the background check portion of the application process, Plaintiff electronically reviewed and completed a series of forms online. (Id. at ¶¶ 24-27.) Ultimately, Plaintiff was not selected for the Flight Instructor position. (Id. at ¶¶ 53-54.)

  On April 2, 2015, Plaintiff filed the instant Complaint. In the Class Claim, which Plaintiff brings on behalf of himself and other similarly situated applicants, Plaintiff alleges JetBlue violated the FCRA's disclosure requirement, 15 U.S.C. § 1681b(b)(2), by requiring Plaintiff to complete an online background check application form which allegedly did not consist "solely of the disclosure that a consumer report may be obtained for employment purposes." Although Plaintiff admits he completed JetBlue's background check online, Plaintiff attached as Exhibit "A" to his Complaint a hard-copy document which he states is the "complete background check application form." (Id. at ¶¶ 53-54.) However, in its anticipated motion, JetBlue can and will establish Exhibit "A" is a misrepresentation of JetBlue's online documents.

## II. THE CLASS CLAIM SHOULD BE DISMISSED BECAUSE JETBLUE'S DISCLOSURE FORM COMPLIED WITH THE FCRA.

Plaintiff's Class Claim fails as a matter of law because JetBlue's online disclosure notice did not violate the FCRA. Section 1681b(b)(2)(A) provides that "a person may not procure a consumer report, or cause a consumer report to be procured, for employment purposes with respect to any consumer, unless [] a clear and conspicuous disclosure has been made in writing to the consumer at any time before the report is procured or caused to be procured, in a document that consists solely of the disclosure, that a consumer report may be obtained for employment purposes . . . ." 15 U.S.C. § 1681b(b)(2)(A).

Plaintiff alleges JetBlue failed to provide him with a notice "consist[ing] solely of the disclosure" because his hard-copy version of the online background check application (at Compl., Ex. A) is a ten-page document which contains other information, authorizations, and releases in addition to the disclosure. However, Plaintiff clearly misses the mark. As Plaintiff admits, he completed the background check documents online, and, without question, **the disclosure notice presented to Plaintiff online <u>was</u> a stand-alone document solely consisting of the disclosure**. As JetBlue can and will establish, this stand-alone document, incorporated by reference in Plaintiff's Complaint,[1] is in full compliance with Section 1681b(b)(2)(A). See, e.g., Goldberg v. Uber Technologies, Inc., 14 Civ. 14264, 2015 WL 1530875, at *2 (D. Mass. April 6, 2015) (finding electronic application's disclosure form did not violate Section 1681b(b)(2) where disclosure informed applicant of full scope of background checks that would be conducted and "a few sensible words explaining the reason for the background check"). Notably, during the course of completing the online documents, Plaintiff: (1) consented to "electronically receive communications relating to [his] application and associated background check," and (2) completed a stand-alone document entitled "Disclosure Regarding Employment Background Report" consisting **only** of the disclosure that JetBlue may obtain a consumer report for employment purposes. The document attached to Plaintiff's Complaint as Exhibit "A," as JetBlue can and will establish, is not a replica of the online application he completed but a print-out containing the same information presented in a different format.

---

[1] In considering a motion to dismiss, the Court may consider documents attached as an exhibit to the Complaint or incorporated by reference. See Thomas v. Westchester County Health Care Corp., 232 F. Supp. 2d 273, 275 (S.D.N.Y. 2002). To incorporate a document by reference, "the Complaint must make a clear, definite and substantial reference to the document[ ]." Id. at 275–76 (citations omitted). In his Complaint, Plaintiff makes explicit reference to the fact that he completed the background check application form online. See Compl. ¶¶ 24 ("Mr. Vazquez was required by Defendant to electronically sign a 'background check application form'"), 25 ("Plaintiff signed the background check application form on September 3, 2014 by electronic signature"). In addition, the printed-out version of the background check application form, which Plaintiff attaches to Complaint as Exhibit A, clearly states that Plaintiff's application was completed electronically and that Plaintiff may print or request a paper copy of the application. (Id. at Exhibit A.)

### III. ALTERNATIVELY, THE CLASS CLAIM SHOULD BE DISMISSED BECAUSE JETBLUE'S ALLEGED VIOLATION OF THE FCRA WAS NOT "WILLFUL."

Plaintiff's Class Claim fails on the separate and independent ground that, even if Plaintiff could prove JetBlue violated the FCRA (which he cannot), any such violation was not willful as a matter of law.[2] In Safeco Insurance Company of America v. Burr, the U.S. Supreme Court held the willfulness standard requires a FCRA plaintiff to demonstrate the defendant undertook an action entailing "an unjustifiably high risk of harm that is either known or so obvious that it should be known." Safeco, 551 U.S. 47, 68 (2007). To this end, "a company subject to the FCRA *does not act in reckless disregard* of it unless [its] action is not only a violation under a reasonable reading of the statute's terms, but shows that the company ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless." Id. at 69 (emphasis added). Here, the fact that JetBlue's online application fully complies with the disclosure provisions of the FCRA but happens to print out in a different format falls far short of the Safeco standard.

### IV. CONCLUSION.

Based upon the foregoing, Count I of Plaintiff's Complaint should be dismissed. For these reasons, JetBlue requests a pre-motion conference in anticipation of filing a partial motion to dismiss under Rules 12(b)(6).[3] Thank you for your consideration in this matter.

Respectfully submitted,

AKERMAN LLP

*SAbeysekera*

Samantha Abeysekera

---

[2] Because Plaintiff has not alleged, and will not be able to demonstrate, any actual damages resulting from JetBlue's alleged FCRA disclosure notice violation, Plaintiff can only recover on his Class Claim for a wilful FCRA violation (and not a negligent FCRA violation). Under the FCRA, negligent violations result in actual damages, while willful violations result in additional statutory damages. See 15 U.S.C. §§ 1681n, 1681o. In his Complaint, although Plaintiff alleges actual damages in connection with JetBlue's alleged failure to provide him with a pre-adverse action notice (Count II), he fails to allege any actual damages he or any class members suffered or could suffer due to JetBlue's alleged FCRA disclosure notice violation. See Goldberg, 2015 WL 1530875, at *2 (concluding plaintiff did not properly plead negligent FCRA violation where he could not plead any actual damages from stand-alone disclosure violation). Thus, Plaintiff can only succeed in this action if he can prove JetBlue willfully violated the FCRA, which he cannot.

[3] By filing the instant request for a pre-motion conference regarding Defendant's anticipated motion to dismiss and pursuant to Your Honor's Individual Rule 2(b) stating that "filing of a request for a pre-motion conference to dismiss prior to answer stays the time for the filing of an answer until after that conference is held," Defendant believes its time for filing an answer regarding Count II of Plaintiff's Complaint has been tolled. See, e.g., Alex Brown & Sons, Inc. v. Marine Midland Bank, Inc., 1997 WL 97837, *6-7 (S.D.N.Y. March 6, 1997) (holding filing partial motion to dismiss will suspend time to answer claims not subject to motion).

cc:	Rebecca A. Cox, Esq. (FIRM)
	Adam Guttmann Singer, Esq. (via ECF)
	James A. Francis, Esq. (via ECF)
	John Soumilas, Esq. (via ECF)